UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

**CHUBB SEGUROS CHILE S.A. as subrogee of NTT Chile S.A.,**

                  **Plaintiff,**

vs

**FREIGHT LOGISTICS INTERNATIONAL LLC d/b/a RHENUS FREIGHT LOGISTICS; RHENUS FREIGHT LOGISTICS; EVOLUTION LOGISTICS CORP. and RAMP LOGISTIC INC.,**

                  **Defendant(s).**
_____/

# COMPLAINT

Plaintiff, **CHUBB SEGUROS CHILE S.A. as subrogee of NTT Chile S.A.**, by its attorneys, KMA ZUCKERT LLC, as and for its complaint herein, alleges upon information and belief:

## JURISDICTION

1. This claim arises out of the intrastate, interstate, and international shipment of cargo which involves issues of interstate commerce and federal common law, and the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs, giving rise to jurisdiction pursuant to 28 U.S.C. § 1337. There also is supplemental jurisdiction under 28 U.S.C. § 1367 in this action.

**THE PARTIES**

2. Plaintiff CHUBB SEGUROS CHILE S.A. is a corporation or other business entity organized under the laws of Chile, with a principal place of business located at Miraflores 222 Piso 17 Santiago, Chile, and is in the business of providing various kinds of insurance coverages.

3. Plaintiff is subrogated to the rights of NTT Chile S.A., a corporation or other business entity organized under the laws of Chile, with a place of business located at Reyes Lavalle 3350, TDF LA, Casilla Postal 219-10, Santiago 6760335, Chile, by virtue of its payment of USD 142,637.53, less a deductible of USD 755.00, pursuant to Claim No. 347896 and Policy No. 02-5638452.

4. Plaintiff's subrogor NTT Chile S.A. is an affiliated, related and/or subsidiary company of Dimension Data Chile S.A.

5. Defendant FREIGHT LOGISTICS INTERNATIONAL LLC d/b/a Rhenus Freight Logistics is a corporation or other business entity organized under the laws of one of the fifty states with a principal place of business located at 3320 NW 67th Avenue, Suite 900, Miami, FL 33122.

6. Defendant RHENUS LOGISTICS LLC is a corporation or other business entity organized under the laws of Florida with a principal place of business located at 3320 NW 67th Avenue, Suite 900, Miami, FL 33122.

7. Defendant EVOLUTION LOGISTICS CORP. is a corporation or other business entity organized under the laws of Florida with a principal place of business located at 9800 NW 100 Road, Suite #1, Medley, FL 33178.

8. Defendant RAMP LOGISTIC INC. is a corporation or other business entity organized

under the laws of Florida with a principal place of business located at 633 NE 167th Street, Suite 612-B, N. Miami Beach, FL 33162.

## COMMON FACTS

9. Plaintiff's subrogor purchased a certain shipment of electronic equipment from Cicso Systems, Inc. pursuant to Commercial Invoice Nos. 94517556 dated August 7, 2020; 94522203 dated August 9, 2020; 94522431 dated August 9, 2020; 94527169 dated August 11, 2020 and 94533404 dated August 12, 2020 (hereinafter referred to as "the Cargo").

10. Plaintiff's subrogor hired defendants FREIGHT LOGISTICS INTERNATIONAL LLC d/b/a Rhenus Freight Logistics and/or RHENUS LOGISTICS LLC to transport the Cargo from Houston, Texas to Miami, Florida and defendants FREIGHT LOGISTICS INTERNATIONAL LLC d/b/a Rhenus Freight Logistics and/or RHENUS LOGISTICS LLC issued bill of lading No. 189955 dated August 12, 2020.

11. Defendants FREIGHT LOGISTICS INTERNATIONAL LLC d/b/a Rhenus Freight Logistics and/or RHENUS LOGISTICS LLC instructed defendant EVOLUTION LOGISTICS CORP. to carry the Cargo from Houston, TX to Miami, Florida.

12. Defendant EVOLUTION LOGISTICS CORP. subcontracted the responsibility for carrying the Cargo to defendant RAMP LOGISTIC INC.

13. The Cargo was consolidated with other goods inside a trailer and Cargo was transported by truck from Houston, TX on or about August 14, 2020

14. During transit, the trailer caught fire at or around 16020 E IH 10, Channelview, TX 77530, and the Cargo was completely destroyed.

15. Plaintiff's subrogor never received the Cargo. Having paid for this loss, plaintiff now

16. Defendants, at all times hereinafter alleged, were intermodal common carriers engaged in transportation pursuant to various federal statutes governing the international, interstate and intrastate carriage of goods.

17. At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated above, and were and now are engaged as warehousemen, bailees, or common carriers of merchandise for hired.

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT OF COMMON CARRIAGE

18. Plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs "1" through "17" of this complaint as if more fully set forth herein.

19. On or about August 12, 2020, defendants received the Cargo in good order and condition.

20. Thereafter, defendants failed to deliver the Cargo at the required destination. In particular, the Cargo was burned during transit and declared a total loss.

21. By reason of these premises, defendants breached, failed and violated their duties and obligations as carriers, warehousemen, and bailees, and were otherwise at fault.

22. Plaintiff was the shipper, consignee or owner of the Cargo, and brings this action on its own behalf and as subrogee of Dimension Data Chile SA, and on behalf of and for the interest of all parties who may be or become interested in the Cargo, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

23. Plaintiff has duly performed all duties and obligations on its part to be performed.

stands in the shoes of its subrogee and seeks to recover any and all damages arising from this incident.

24. By reason of these premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of USD 142,637.53.

25. That by reason of defendants' willful breach of their agreement and their own rules and regulations, plaintiff has been damaged in the sum of USD 142,637.53 with interest thereon from August 12, 2020.

### AS AND FOR A SECOND CAUSE OF ACTION
### NEGLIGENCE

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" of this complaint as if more fully set forth herein.

27. That defendants their agents, servants and employees conducted themselves during the custody, control, handling, transportation and care of the Cargo in a negligent manner and in such a way as to be oblivious to plaintiff's rights.

28. That defendants' willful negligence and improper conduct with respect to the custody, control, handling, transportation and care of the Cargo resulted in its loss, damage and deterioration.

29. That by reason of defendants' willful negligence and improper conduct, plaintiff has been damaged in the sum of USD 142,637.53 with interest thereon from August 12, 2020.

### AS AND FOR A THIRD CAUSE OF ACTION
### GROSS NEGLIGENCE

30. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "29" of its complaint as if fully set forth at length herein.

31. The loss and/or damage of the Cargo was proximately caused by the gross negligence of defendants, jointly and/or severally, in total disregard of their respective obligations

to properly transport, store, secure and/or handle the Cargo, and generally acting in a manner so as to totally disregard their respective duties and obligations to keep and provide for the proper safety of the Cargo.

32. As a result of the gross negligence of defendants, jointly and/or severally, plaintiff has sustained damage in the sum of USD 142,637.53 with interest thereon from August 12, 2020.

## AS AND FOR A FOURTH CAUSE OF ACTION
## BREACH OF BAILMENT

33. Plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs "1" through "32" of this complaint as if more fully set forth herein.

34. That defendants received the Cargo belonging to plaintiff and as such became a bailee for hire.

35. That defendants received the Cargo in good condition and pursuant to such bailment for hire, failed to take proper precautions and to keep safe the Cargo of plaintiff, entrusted to them, jointly and/or severally, and by failing to release and/or return the Cargo in the same condition as when delivered, but instead returning same in a short, damaged, and/or destroyed condition.

36. That in willful breach of its bailment obligation, the defendants failed to re-deliver the Cargo in good condition in that said shipment was damaged.

37. That by reason of defendants' joint and several willful breach of its bailment obligation, plaintiff has been damaged in the sum of USD 142,637.53 with interest thereon from August 12, 2020.

## FOURTH CAUSE OF ACTION
## <u>BREACH OF CONTRACT</u>

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" to "37" of its complaint as if fully set forth at length herein.

39. Upon information and belief, defendants received the Cargo in good order and condition and contracted and otherwise agreed to perform the transportation and/or storage of the Cargo and deliver same in accordance with the aforementioned agreement in the same good order and condition received.

40. Upon information and belief, defendants are engaged in the business of public transportation, warehousing and storing of various goods.

41. The Cargo was delivered at destination short, missing, and/or damaged, due to failure to comply with the terms and agreements made with plaintiff for the protection, storage and care of the Cargo, entrusted to defendants' possession, or the possession of its agent, employees, or servants.

42. As a result of defendants' breach of their respective contracts, plaintiff has sustained damages in the amount of USD 142,637.53 with interest thereon from August 12, 2020.

**WHEREFORE**, plaintiff requests:

(a) That process in due form of law according to the practice of this Court may issue against these defendants.

(b) That a judgment be entered in favor of plaintiff, on each count, for the amounts stated in this complaint, together with interest and costs.

(c) That in the event there is an arbitration clause which governs this dispute, the complaint be deemed a written demand for arbitration in accordance with the terms and conditions of that arbitration clause.

(d) Plaintiff further requests such other and further relief as to this Court may seem just and proper.

Dated:   Miami, Florida
         February 11, 2021

                        KMA ZUCKERT LLC
                        Attorneys for Plaintiff
                        **CHUBB SEGUROS CHILE S.A. as subrogee of NTT Chile S.A..**

By: _____
      Nicholas Pantelopoulos
      355 Alhambra Circle
      Suite 1201
      Coral Gables, Florida  33134
      Tel.:   (305) 506-2050
      Fax:   (305) 675-7606
      File:   448009.00002